UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 24-20660

v.                                 Judith E. Levy
                                 United States District Judge

Tiwuan Dominique Edwards,
                                 Mag. Judge Anthony P. Patti

                Defendant.

_____/

**OPINION AND ORDER DENYING MOTION TO DISMISS COUNT ONE OF THE INDICTMENT PURSUANT TO THE SECOND AMENDMENT [12]**

Before the Court is Defendant Tiwuan Dominique Edwards' motion to dismiss Count One of the indictment. (ECF No. 12.) For the reasons set forth below, Defendant's motion is denied.

I.    Background

A one-count indictment filed on December 3, 2024 charges Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] (ECF No. 7.) The indictment alleges that

---

[1] 18 U.S.C. § 922(g)(1) states:

> [o]n or about November 14, 2024, in the Eastern District of Michigan, Southern Division, the defendant, TIWAUN DOMINIQUE EDWARDS, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate and foreign commerce, ammunition, that is, twelve rounds of 9mm ammunition manufactured by Turan Ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

(ECF No. 7, PageID.14.) Defendant pled not guilty on December 5, 2024.

Defendant filed the motion to dismiss on December 26, 2024. (ECF No. 12.) In his motion, Defendant brings an as-applied constitutional challenge to his prosecution under § 922(g)(1). (*Id.* at PageID.37.) Specifically, Defendant states that, pursuant to the "dangerousness" standard set forth in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), he is not "dangerous" and, as such, § 922(g)(1)'s application to him is unconstitutional under the Second Amendment. (*Id.*)

---

It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2

## II. Legal Standard

Pursuant to Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Such a defense, objection, or request may include "a motion alleging a defect in instituting the prosecution" or "a defect in the indictment or information." Fed. R. Crim. P. 12(b)(A)–(B); (ECF No. 12, PageID.34.)

## III. Analysis

### A. The *Williams* Decision

On August 23, 2024, the Sixth Circuit issued *Williams*, holding that "§ 922(g)(1) is constitutional on its face and as applied to dangerous people." *Williams*, 113 F.4th at 662–63. As such, defendants may bring an as-applied Second Amendment challenge to their prosecution pursuant to § 922(g)(1) by demonstrating that they are not dangerous. It is the defendant's burden to demonstrate that he is not dangerous. *Id.* at 657.

In order to determine whether a defendant is dangerous, district courts "must focus on each individual's specific characteristics," including "the individual's entire criminal record." *Id.* at 657–58. "Courts may

3

consider any evidence of past convictions in the record, as well as other judicially noticeable information–such as prior convictions–when assessing a defendant's dangerousness." *Id.* at 660.

*Williams* provides guidance related to past convictions, and how such convictions should inform the district court's analysis. First, "crimes against the person," which are "dangerous and violent crimes like murder, rape, assault, and robbery," are "at least strong evidence that an individual is dangerous." *Id.* at 658. A defendant who has committed such a crime faces an "extremely heavy" burden to show that he is not dangerous. *Id.*

*Williams* describes a second category of crimes: crimes which "pose a significant threat of danger" and "put someone's safety at risk." *Id.* at 659. These crimes, such as drug trafficking and burglary, "do not always involve an immediate and direct threat of violence against a particular person," but may "pose a danger to the community" or "create[] the possibility of a violent confrontation." *Id.* A defendant who has committed such a crime "will have a very difficult time . . . of showing he is not dangerous." *Id.* at 663. Similarly, "a pattern of conduct risking or causing physical harm strengthens the inference that a defendant is dangerous

4

enough to be prosecuted under § 922(g)(1)." *United States v. Golden*, No. 3:23-CR-94, 2025 WL 268364, at *2 (N.D. Ohio Jan. 22, 2025) (citing *United States v. Goins*, 118 F.4th 794, 804 (6th Cir. 2024); *United States v. Parham*, 119 F.4th 488, 495 (6th Cir. 2024)).

The third category of crimes is crimes that "pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." *Williams*, 113 F.4th at 663. A conviction for these crimes is unlikely to produce a finding that the defendant is dangerous. *Id.* at 659.

### B. Evidence Before the Court

The Court must decide what information it will consider when determining if Defendant is "dangerous" such that prosecution pursuant to § 922(g)(1) is constitutional under the Second Amendment.

Generally, courts may consider "judicially noticeable information" when making a dangerousness analysis. *Williams*, 113 F.4th at 660. This includes prior convictions and the underlying facts of those convictions. *Id.* at 660, 662 (stating that "a court can accept prior convictions without an evidentiary hearing or jury fact finding"); *Goins*, 118 F.4th at 804–05; *Parham*, 119 F.4th at 496 (considering the underlying facts of the defendant's prior offense, which "involved shooting a young child");

5

*United States v. Morton*, 123 F.4th 492, 500 (6th Cir. 2024) (discussing the district court's use of state-court judgments). Courts may also consider presentence reports. *Williams*, 113 F.4th at 660, 662 (approving the consideration of details in the defendant's federal Presentence Report, the contents of which the defendant did not object to); *but see United States v. Johnson*, No. 2:23-CR-20569, 2025 WL 226957, at *3 (E.D. Mich. Jan. 16, 2025) (declining to consider state presentence reports and determining they contain non judicially noticeable information).

Defendant has several prior felony convictions.[2] On February 18, 2022, Defendant pled guilty in the Third Judicial Circuit of Michigan to assault with a dangerous weapon (felonious assault) in violation of Mich.

---

[2] The Government also submitted evidence of an additional felony conviction. On May 22, 2014, Defendant pled guilty in the Third Judicial Circuit of Michigan to carrying a concealed firearm in violation of Mich. Comp. Law § 750.227, a felony under Michigan law. (ECF No. 14, PageID.47, 65.) Defendant does not acknowledge this conviction in his brief. (ECF No. 12, PageID.38–39.) This criminal conviction is judicially-noticeable and, as such, may be considered by the Court in its dangerousness analysis. *See Williams*, 113 F.4th at 660 ("Courts may consider any evidence of past convictions in the record, as well as other judicially noticeable information–such as prior convictions . . . ."); *Morton*, 123 F.4th at 500 (finding that the district court's inquiry into dangerousness, which involved referring to state-court judgments to convictions, was sufficient). However, the Court will not discuss this conviction because it is not necessary for the analysis.

6

Comp. Laws § 750.82. (ECF No. 12, PageID.39–40; ECF No. 14, PageID.68–69.) Defendant describes the conduct as "stemming from a 'road rage' situation" and that he "brandished a firearm at the occupants of another vehicle," but "never discharged the firearm." (ECF No. 12, PageID.39.) Additionally, Defendant pled guilty on June 21, 2022 to one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). *United States v. Edwards*, Case No. 21-cr-20810-LJM-JJCG, ECF No. 23 (E.D. Mich. June 21, 2022) (plea agreement). According to Defendant, this offense "involved his unlawful possession of a firearm which was recovered inside his residence during his arrest for a State offense," which appears to be the "road rage situation" underlying his 2022 State conviction. (ECF No. 12, PageID.38; *see also* Case No. 21-cr-20810-LJM-JJCG, ECF No. 23, PageID.79.)

      Finally, Defendant avers "that he was on federal supervised release at the time of the instant offense." (ECF No. 12, PageID.38.) His supervised release is related to his 2022 conviction for felon in possession of a firearm. *See United States v. Edwards*, Case No. 21-cr-20810-LJM-JJCG (E.D. Mich.).

### C. Applying *Williams*

Defendant has not met his burden to demonstrate that he is not "dangerous" as defined by *Williams*, 113 F.4th 637.

Defendant's state conviction of assault with a dangerous weapon, Mich. Comp. Laws § 750.82, is a crime firmly within the category of "crimes against the person." *Id.* at 658 (holding that assault is included in this category). The Sixth Circuit has held that an assault conviction is "at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id.* Additionally, Defendant's federal conviction of felon in possession of a firearm, § 922(g)(1), falls within the second category of *Williams*' offenses: a crime that "pose[s] a significant threat of danger" or "put[s] someone's safety at risk." *Id.* at 659. *See also United States v. Jones*, No. 24-20427, 2025 WL 48072, at *3 (E.D. Mich. Jan. 8, 2025) ("[T]he court in Williams indicated support for including a conviction for possessing a firearm as a felon in the second category."); (ECF No. 12, PageID.38 (labelling his felon in possession conviction as "fall[ing] in the second category").) Because Defendant has criminal convictions in the first and second category, he faces an "extremely

8

heavy" burden to overcome a presumption of dangerousness. *Williams*, 113 F.4th at 658; *see also Golden*, 2025 WL 268364, at *2.

Additionally, Defendant was on supervised release when he committed this offense. This alone supports denying Defendant's motion to dismiss. The Sixth Circuit in *Goins* held that felons on supervised release, probation or parole may be deprived of their right to possess a firearm. *See Goins*, 118 F.4th at 801–03 ("[O]ur nation's historical tradition of forfeiture laws, which temporarily disarmed convicts while they completed their sentences, also supports disarming those on parole, probation, or supervised release.").

Defendant acknowledges that the Court may find the underlying conduct in his State offense "troubling," but notes that the assault did not involve actual physical harm and he did not discharge his firearm. (ECF No. 12, PageID.39.) He avers that "[t]he facts surrounding Defendant's prior federal conviction do not establish him as 'dangerous,'" even though this conviction was related to the "road rage" incident. (*Id.* at PageID.38.) While the Court recognizes that Defendant did not discharge his firearm, the facts underlying his assault conviction – brandishing a gun at strangers while driving – are still highly indicative of "dangerousness."

9

Defendant also argues that "the relatively short State sentence demonstrates that while the offense conduct was serious, Defendant is not "per se 'dangerous.'" (ECF No. 12, PageID.39.) Defendant was sentenced to 1 year of custody and 2 years of probation. (*Id.*) Courts in the Sixth Circuit have reasoned that "the nature of the sentence imposed for [the defendant's] prior conviction" is judicially noticeable information that may be considered when assessing a defendant's dangerousness. *United States v. Hines*, No. 3:22-CR-157, 2024 WL 4252569, at *4 (N.D. Ohio Sept. 12, 2024); *United States v. Thomas*, No. 1:23-CR-00313-JGC-5, 2024 WL 5422908, at *3 (N.D. Ohio Dec. 5, 2024). Assault under Mich. Comp. Laws § 750.82 is "punishable by imprisonment for not more than 4 years or a fine of not more than $2,00.00, or both." While it is true that Defendant was not sentenced to the maximum term of incarceration, he was sentenced to one year of custody. Even if the Court agreed that Defendant's sentence was "relatively short," Defendant "fails to rebut the 'class-wide presumption' of dangerousness that attaches" to his assault conviction. *See Hines*, 2024 WL 4252569, at *5; *see also id.* (reasoning that the defendant's "prior firearms possession offense supports a finding of dangerousness" despite the defendant not serving a term of

10

incarceration for that offense because "irresponsible firearms behavior . . . endangers 'the community' at large and heightens the risk of a 'violent confrontation'") (quoting *Williams*, 113 F.4th at 659).

Finally, Defendant argues that he does not have a "criminal history of 'repeated actions' which show a likelihood of future dangerous conduct." (ECF No. 12, PageID.39.) In *Goins*, the Sixth Circuit reasoned that Goins' numerous convictions for driving under the influence "demonstrated a likelihood of future dangerous conduct." *Goins*, 118 F.4th at 797. The Court acknowledges that Defendant's history does not demonstrate a pattern anywhere close to the pattern of conduct seen in *Goins*. *Id.* at 804 ("In an eight-year period, Goins was charged five times for driving under the influence, and he was convicted of four DUI offences."). However, pattern of behavior or not, Defendant's 2022 conviction for felonious assault is still indicative of dangerousness as defined by the Sixth Circuit and Defendant has not carried his burden to show otherwise.

As such, Defendant's 2022 convictions for felonious assault and felon in possession, as well as his supervised release status at the time of this offense, demonstrate that Defendant is sufficiently "dangerous" to be

11

prosecuted pursuant to 18 U.S.C. § 922(g)(1) and that application of § 922(g)(1) to Defendant does not violate the Second Amendment.

## IV.  Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss Count One of the indictment. (ECF No. 12.)

IT IS SO ORDERED.

Dated: March 25, 2025        s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2025.

                             s/William Barkholz
                             WILLIAM BARKHOLZ
                             Case Manager